# **EXHIBIT "A"**

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.
You are hereby notified that on 03/31/2022
a COMPLAINT has been filed in this case
and you are required to serve the same on or before the
04/30/2022
Michael McGeever, Director
Department of Court Records

## COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Plaintiff(s)

Weaver, Zoe P.

Case Number:
GD-22-003595

Type of pleading:
Complaint

Filed on behalf of:
Weaver P. Zoe

**Frank D Eugene**
(Name of filing party)

VS

Defendant(s)

Collection Management Company,
CMC aka
Collection Management Company,
dba Credit Management Company

[X] Counsel of Record

[ ] Individual, If Pro Se

Name, Address and Telephone Number:
**Frank D Eugene**
Law Offices of Eugene D. Frank
3202 McKnight East Drive Suite 4944
Pittsburgh, PA, 15237
412 3664276
412 3664276
Attorney's State ID: **89862**



Michael McGeever, Director, Department of Court Records

# IN THE COURT OF COMMON PLEAS
# OF ALLEGHENY COUNTY, PENNSYLVANIA

Zoe P. Weaver,

      Plaintiff,

vs.

Collection Management Company
*d/b/a* Credit Management Company
*a/k/a* CMC,

      Defendant.

NO: GD-22- 3595

TYPE OF PLEADING:

**Complaint**

FILED ON BEHALF OF:
**Zoe P. Weaver, Plaintiff**

COUNSEL OF RECORD:
**Eugene D. Frank, Esquire**
**PA ID # 89862**

**3202 McKnight East Drive**
**Pittsburgh, PA 15237**
**(412) 366-4276 (office)**
**(412) 366-4305 (fax)**
**efrank@edf-law.com**

E-FILED

MAR 3 1 2022

CIVIL/FAMILY DIVISION
DEPT. OF COURT RECORDS
ALLEGHENY COUNTY, PA

## IN THE COURT OF COMMON PLEAS OF
## ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| Zoe P. Weaver,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>Collection Management Company<br>*d/b/a* Credit Management Company<br>*a/k/a* CMC,<br><br>　　　　　　Defendant. | Case No. GD-22- |

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

　　　　YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

**IN THE COURT OF COMMON PLEAS OF**
**ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| Zoe P. Weaver,<br><br>Plaintiff,<br><br>vs.<br><br>Collection Management Company *d/b/a* Credit Management Company *a/k/a* CMC,<br><br>Defendant. | Case No. GD-22- |

**COMPLAINT**

### I.   INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereinafter referred to as "TCPA"), which prohibits debt collectors from placing autodialed and/or prerecorded calls to a consumer's cellular telephone without express prior consent or after consent is revoked.

2. Defendant, Collection Management Company *d/b/a* Credit Management Company *a/k/a* CMC (the "Defendant"), violated the TCPA entitling Plaintiff, Zoe P. Weaver (the "Plaintiff"), to damages for the actions as set forth herein.

3. There is abundant evidence of the use of harassing, abusive, deceptive, and/or unfair collection practices by many debt collectors. Abusive debt collection practices contribute to invasions of individual privacy.

4. The TCPA was enacted, in part, due to existing laws and/or procedures being inadequate for redressing the types of injuries as set forth herein (i.e., intrusive and unwanted telephone calls).

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises out of, but not limited to, the Defendant's violation(s) of the TCPA.

6. At all relevant times herein, Defendant was engaged in placing unwanted telephone calls within the Commonwealth of Pennsylvania and venue is proper in Allegheny County, Pennsylvania pursuant to Pa. R.C.P. No. 2179(a)(2) and/or 2179(a)(3).

## III. PARTIES

7. At all times mentioned herein, Plaintiff is a natural person and consumer and is a citizen of the Commonwealth of Pennsylvania residing in the County of Allegheny.

8. Defendant is a corporation established in the Commonwealth of Pennsylvania with a business address located at Foster Plaza Building 7, 661 Andersen Drive, Suite 110, Pittsburgh, PA 15220.

9. Defendant conducts business and/or attempts to collect delinquent consumer debts throughout the Commonwealth of Pennsylvania, including the County of Allegheny.

10. Defendant is a "debt collector" as defined in the Fair Debt Collection Practices Act ("FDCPA") and/or TCPA and, at all times relevant herein, acted by and/or through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, affiants, attorneys, affiliates and/or workmen.

11. Defendant engages in collecting delinquent consumer debts and regularly uses the mail and/or the telephone in an attempt to collect, directly or indirectly, delinquent consumer debts owed or due or asserted to be owed or due another.

### IV.  FACTUAL ALLEGATIONS

12. Prior to the events that resulted in the claims as set forth herein, Plaintiff incurred various medical bills for personal healthcare treatment that became delinquent as a result of financial hardships and subsequently assigned to Defendant to attempt to collect from Plaintiff (the "Debt").

13. At all relevant times herein, the Debt was a consumer debt as defined in the TCPA.

14. The Debt was related to and/or used for personal, family and/or household purposes and, specifically as noted above, incurred for personal healthcare treatment.

15. Plaintiff was anticipating filing for bankruptcy relief when she became eligible to re-file for bankruptcy protection with an anticipated petition file date to occur sometime after January 2022.

16. Defendant began contacting Plaintiff by telephone in an attempt to collect the Debt in or about January 2021.

17. Since January 2021, Plaintiff had been instructing Defendant to stop calling her and was forced to do so on multiple occasions due to Defendant's willful decision to continue calling Plaintiff despite her instructions.

18. After Plaintiff revoked any prior consent (if any), Defendant improperly contacted Plaintiff's cellular telephone assigned to a cellular telephone service/network in an attempt to collect the Debt on *at least* fifty-eight (58) occasions since January 2021 to the present date (the "Calls").

19. The Calls were made without Plaintiff's consent in an attempt to collect the Debt using an automatic dialer and/or an artificial voice or a prerecorded message.

20. The Calls had caller ID information showing a phone number 1-888-250-7027. Other numbers may have been used by Defendant.

21. At all relevant times herein, Defendant utilized one or more telephone systems capable of autodialing Plaintiff's cellular telephone and/or leaving prerecorded or artificial voice messages.

22. Despite Plaintiff notifying Defendant by telephone on four (4) separate occasions to stop calling her, Defendant intentionally placed automated calls to Plaintiff's cellular telephone and/or leaving prerecorded or artificial voice messages knowing or should have known there was no consent to make the Calls.

23. Plaintiff was damaged by the improper Calls. Her privacy was improperly invaded, minutes were used from her cellular phone plan, her cellular phone battery was depleted resulting in cost to recharge the battery, and she was forced to spend time tending to the unwanted Calls, which caused her a significant inconvenience and was an intrusion upon her cellular phone.

24. As a result of the nuisance Calls, Plaintiff experienced emotional and mental distress, aggravation, anxiety, annoyance, frustration, and/or inconvenience.

25. Defendant's actions in attempting to collect the Debt as aforementioned was willful, wanton and/or carried out with reckless disregard for the rights of the Plaintiff.

## V. CAUSES OF ACTION

**Count I**
**Violations of the TCPA**
**47 U.S.C. § 227, *et seq.***

26. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

27. Defendant's telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system(s) and/or artificial voice or prerecorded message(s), or the ability to use an automatic telephone dialing system, without Plaintiff's express prior consent or after she revoked any prior consent were violations of the TCPA.

28. Specifically, Defendant violated the TCPA when it contacted Plaintiff's cellular phone on *at least* fifty-eight (58) occasions using an automatic dialer and/or an artificial voice or prerecorded message.

29. Each call placed to Plaintiff's cellular telephone was made in knowing and willful violation of the TCPA and was not placed for "emergency purposes."

30. As a result of Defendant's violation(s) of the TCPA, Plaintiff is entitled to actual or statutory damages *per* violation and treble damages *per* violation.

**WHEREFORE**, Plaintiff, Zoe P. Weaver, respectfully demands judgment against Defendant, Collection Management Company *d/b/a* Credit Management Company *a/k/a* CMC, *in excess* of the arbitration limits for the following:

(a) Actual damages or statutory damages per violation, whichever is greater;

(b) Treble damages per violation;

(c) Declaratory judgment that the Defendant violated the TCPA;

(d) Such other and further relief that this Court deems just and proper.

## VI.   JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

**Law Offices of Eugene D. Frank, P.C.**

By: */s/ Eugene D. Frank*
Eugene D. Frank, Esquire
PA ID No. 89862
3202 McKnight East Drive
Pittsburgh, PA 15237
(412) 366-4276 - office
(412) 366-4305 – fax
efrank@edf-law.com

## IN THE COURT OF COMMON PLEAS OF
## ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| Zoe P. Weaver, | Case No. GD-22- |
| Plaintiff, | |
| vs. | |
| Collection Management Company *d/b/a* Credit Management Company *a/k/a* CMC, | |
| Defendant. | |

### **VERIFICATION**

I, Zoe P. Weaver, verify that the averments of fact contained in the foregoing *Complaint* are true and correct to the best of my knowledge and belief. I understand that these averments of fact are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

Dated: 02/16/2022

BY: */s/ Zoe P. Weaver*
Zoe P. Weaver
**E-signed with Permission**